|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ROY MICHAEL MUNGARAY, | ) Case No. ED CV 17-1528-DSF (SP) |
|---|---|
| Plaintiff, | ) MEMORANDUM AND ORDER |
| v. | ) DISMISSING ACTION FOR<br>) FAILURE TO PROSECUTE |
| SOUTHWEST JAIL IN RIVERSIDE COUNTY, | ) |
| Defendant. | ) |

## I.

## **INTRODUCTION**

On July 31, 2017, plaintiff Roy Michael Mungaray, a California state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this court against Southwest Jail in Riverside County. Plaintiff alleges he was subject to unsanitary conditions at Southwest Jail when feces and urine from backflushing flowed into his cell, which violated his Eighth Amendment right to protection from cruel and unusual punishment.

1

Plaintiff further alleges he is entitled to compensation as part of a class action lawsuit.

The Court issued its initial order in this case on August 22, 2017, in which the Court advised plaintiff that it was screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

After careful review and consideration of the allegations of the complaint under the relevant standards, the Court found that its allegations were insufficient to state a federal civil rights claim. Specifically, the Court found that: (1) the class action plaintiff alleges does not exist; (2) the complaint fails to state a claim against the sole named defendant; and (3) the complaint fails to state an Eighth Amendment claim. Accordingly, on September 14, 2017, the Court issued an Order dismissing the complaint with leave to amend. If plaintiff wished to pursue this action, he was ordered to file a First Amended Complaint by October 16, 2017, curing the identified deficiencies. The Order expressly admonished plaintiff that, if he failed to timely file a First Amended Complaint, the Court may recommend that this action be dismissed.

Plaintiff failed to file a First Amended Complaint by the October 16, 2017 deadline. Accordingly, on November 13, 2017, the Court issued an Order to Show Cause Why Complaint Should Not Be Dismissed For Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by December 4, 2017, and either show cause why the action should not be dismissed or, in the alternative, file a First Amended Complaint. The Court cautioned plaintiff that his failure to timely

respond to the OSC will be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond to the OSC by the December 4, 2017 deadline as ordered, and failed to file a First Amended Complaint by December 4, 2017. The Court has not received any response or other communication from plaintiff since he paid the initial partial filing fee on September 5, 2017.

## II.

## **DISCUSSION**

The complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's September 14, 2017 Order Dismissing Complaint With Leave to Amend. When plaintiff failed to file a First Amended Complaint, the Court issued an OSC giving him an opportunity to show cause for his failure to prosecute or to discharge the OSC by filing a First Amended Complaint, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action without prejudice. Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies. Further, plaintiff has failed to respond to the OSC by the deadline to do so. Plaintiff's failure to file a First Amended Complaint, or to respond to the Court's November 13, 2017 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a party's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291

F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint as directed and failed to respond to the Court's November 13, 2017 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order,

the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint, and to respond to the Court's November 13, 2017 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with Court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) cautioning plaintiff in its September 14, 2017 dismissal order that failure to timely file a First Amended

Complaint may result in a recommendation of dismissal; (2) after plaintiff's deadline to file a First Amended Complaint passed, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; and (3) waiting almost two months beyond the deadline to respond to the OSC before issuing this order. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: 1/30/ 2018

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE